(No. 11661.—Decree affirmed.)

WILLIAM H. DUNN *vs.* THE ADDISON MANUAL TRAIN-
ING SCHOOL FOR BOYS *et al.*—(HENRY STUCKART,
County Treasurer, Appellant, *vs.* THE ADDISON MAN-
UAL TRAINING SCHOOL FOR BOYS, Appellee.)

*Opinion filed December 19, 1917.*

This case is controlled by the decision in *Dunn* v. *Chicago Industrial School for Girls,* 280 Ill. 613.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MACLAY HOYNE, State's Attorney, for appellant.

ROBERT F. KOLB, and TIMOTHY D. HURLEY, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

William H. Dunn, the complainant in the court below, filed a bill in the circuit court of Cook county against the Addison Manual Training School for Boys, the county clerk and the county treasurer of Cook county, praying that an injunction be issued restraining said clerk and treasurer from paying any money to the school for clothing, tuition or the care and maintenance of the boys committed to said

school by the courts of the State, upon the ground that the payment of such moneys would violate section 3 of article 8 of the constitution. The bill was answered by the officials of the school, the county clerk and the treasurer, and the school also filed a cross-bill, setting out substantially the same facts that were set out in its answer, and denying that the paying of this money was in any way in conflict with said section of the constitution. The court entered an order dismissing the original bill for want of equity, and finding also that the sum asked for by said school be paid, and enjoining the complainant from bringing any action at law or in equity to interfere with the county board, the county treasurer, the county clerk or the school in the matter of paying or collecting in the future such sums as may become due for the care of children committed to the school. The county treasurer has brought the case here on appeal.

The case was tried largely on a stipulation of facts. The stipulation stated, in substance, that neither Cook county nor the State had provided any manual training school for boys, nor any other facilities to provide and care for the boys under the charge and control of the school; that it would require several hundred thousand dollars to provide suitable buildings and grounds to properly house and care for the boys committed there; that forty-six boys now in the school were legally committed by courts of record substantially in all respects as shown by the record in one typical case of the juvenile court which was introduced in evidence.

The bill is similar in all of its material allegations to the bill filed in *Dunn* v. *Chicago Industrial School for Girls*, 280 Ill. 613. The facts here are substantially as they were in that case. This school is controlled, as was that, by a board of directors, with ample grounds and equipment to meet the requirements of the act under which said manual training school was created. The inmates are taught the usual school studies in addition to manual training. Each and all of the boys committed to the school by the juvenile

281 — 23

court or other courts of the State enjoy the benefits of the care, instruction and attention afforded by the institution. Cook county is paying to the institution $10 a month for each boy sent by the courts to said school. Said $10 a month is much less than the average cost paid by the public for the teaching of children in the schools of Cook county or paid for the support and care of the children in the ordinary State institutions, such as the Soldiers' Orphans Home, or the State Training School for Girls, or the St. Charles School for Boys, or the Chicago Parental School. The school is under the general charge and direction of officials of the Lutheran Synod. Children of all religious beliefs are received by said school when sent there by the courts. There is a prayer offered by the superintendent at the opening of the school. No religious songs are sung in the institution. The Lutheran Snyod has established a mission school near the Addison Manual Training School, and some of the boys of said school attend the mission school, but none are compelled to do so. But the superintendent of the mission school has no voice in the management of the training school. No religious services are held on Sundays in the manual training school. There is no chapel or minister in the institution, and no minister is assigned to the training school by said church. Some of the children in the Addison Manual Training School attend Sunday school at the Lutheran church, but they are not compelled to do so. No religious instruction is provided in said school.

On the above facts it must be held that under the reasoning of this court in *Dunn* v. *Chicago Industrial School for Girls, supra,* the payment of this money by Cook county to this school for the care of these boys is not in contravention of section 3 of article 8 of the constitution. The reasons are set out at length in that decision and need not be repeated here.

The decree of the circuit court will be affirmed.

*Decree affirmed.*