(Nos. 11659-60.—Decrees affirmed.)

WILLIAM J. TROST *et al. vs.* THE KETTELER MANUAL TRAINING SCHOOL FOR BOYS *et al.* Appellees. (WILLIAM J. TROST AND HENRY STUCKART, Appellants.)— WILLIAM J. TROST *et al. vs.* THE CATHARINA KASPER INDUSTRIAL SCHOOL FOR GIRLS *et al.* Appellees. (WILLIAM J. TROST AND HENRY STUCKART, Appellants.)

*Opinion filed February 20, 1918.*

CONSTITUTIONAL LAW—*what is not a donation to a denominational institution.* Where the cost to the county for the care of wards of the juvenile court of Cook county at a denominational institution is less than the cost at State institutions it is not in violation of section 3 of article 8 of the constitution for the county to pay for the care of such children at such institution. (*Dunn v. Chicago Industrial School,* 280 Ill. 613, and *Dunn v. Addison Manual Training School for Boys,* 281 id. 352, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MACLAY HOYNE, State's Attorney, for appellant Henry Stuckart.

JOHN G. RIORDAN, for appellant William J. Trost.

HURLEY & BAER, (TIMOTHY D. HURLEY, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Two separate bills in chancery were filed by William J. Trost on April 4, 1917, in the circuit court of the county of Cook, in his own behalf and on behalf of all other citizens and tax-payers who might care to join therein, one against the Ketteler Manual Training School for Boys, the county of Cook, Henry Stuckart, treasurer, and Robert M. Sweitzer, county clerk of the county of Cook, and the other against the Catharina Kasper Industrial School for Girls, county of Cook and the treasurer and clerk of said county. April 24, 1917, by leave of court William H. Dunn, a citizen and tax-payer of said county, joined in said suits as a party complainant. The bills are substantially identical, with the exception that in the former bill it is alleged that the Ketteler Manual Training School for Boys was incorporated under "An act to provide for and aid training schools for boys," in force July 1, 1883, and that certain boys had been committed to it by the court for which the county was indebted; and in the latter it was alleged the Catharina Kasper Industrial School for Girls was incorporated under "An act to aid industrial schools for girls," in force July 1, 1879, and that a number of girls had been committed to that school for which the county was indebted. Each bill prayed for an injunction restraining the defendants, Cook county and its said officers, from paying to appellees the Ketteler Training School for Boys and the Kasper Industrial School for Girls certain sums of money appropriated by Cook county for the month of December, 1916, for the care and maintenance of children who had been committed to appellees by order of certain courts, and also sought to restrain the making of any payments in the

future for a like purpose to appellees. Each bill charged that both appellees are sectarian and were instituted and are maintained as instrumentalities of the Roman Catholic church, and that such appropriations were, and the payment of said moneys if made would be, in violation of section 3 of article 8 of the constitution of Illinois. Answers were filed in each case by all of the said defendants. The said schools, after filing their answers, filed their cross-bills in said suits praying for the relief granted them by the decrees. Answers were filed to the cross-bills by the defendants thereto, the county of Cook, the county officers and the complainants in the original bills. Replications to all of said answers were filed. The causes were consolidated and heard in open court by the chancellor, and the court found that there was no equity in the original bills and dismissed each of them for want of equity. The court further found that the cross-bills of appellees were sustained by the proofs, and ordered, adjudged and decreed that the Ketteler Manual Training School for Boys have and recover of the county treasurer the sum of $2234.38 appropriated by the county commissioners of Cook county, and ordered the treasurer, or his successor in office, to pay said sum to said cross-complainant. The court further decreed that the treasurer and his successor in office pay to said cross-complainant any and all future sums of money that may be appropriated to it by the board of county commissioners for the purpose of maintenance and support of boys committed to it by the circuit court or any other legal authority under the Manual Training Schools act. The court further decreed that William H. Dunn and William J. Trost be restrained and enjoined from in any way interfering with said payments or appropriations, or future payments or appropriations, by prosecuting or maintaining any action or actions at law or in equity or in any other manner. A similar decree in every particular was entered by the court in favor of the Catharina Kasper Industrial School for

Girls, except that the amount decreed to be paid to that cross-complainant was $2686.50. Joint and several appeals were prayed by William J. Trost, William H. Dunn and Henry Stuckart, county treasurer, but appeals in said causes were perfected by only Trost and the county treasurer.

From the pleadings and stipulation of the parties and from the evidence heard by the chancellor the following are the established facts: The Ketteler Manual Training School for Boys was organized under the Manual Training Schools act of 1883 and the Catharina Kasper Industrial School for Girls under the Industrial Schools act of 1879. Both institutions are located at 2001 Devon avenue, in Chicago. The Ketteler school is a manual training school for boys. The boys are taught horticulture, agriculture, printing, painting, steam engineering, electrical engineering, decorating, shoemaking and electricity. The Catharina Kasper Industrial School teaches domestic science and sewing. General studies in grammar schools up to the eighth grade are taught in both schools. The teachers of both schools are Catholics and are paid by the Angel Guardian German Catholic Orphanage Society, which institution last named has a chapel near the schools but not on the leaseholds of the schools. Both Catholic and non-Catholic children are committed to said schools. The two schools lease their buildings from the Angel Guardian German Catholic Orphanage Society aforesaid, which is the owner in fee of the premises and is paid rent for the school buildings by said schools. This last named institution is conducted and controlled by Catholics and in the chapel religious services are conducted such as are usually conducted in Catholic churches, and Catholic children that go to said schools are required to attend mass and other religious exercises at the chapel. The non-Catholic children may attend mass and religious services at the chapel if they desire but are not required to do so. The Rev. George Isenbacher, who conducts religious exercises at the chapel and is paid a salary

therefor by the Angel Guardian German Catholic Orphanage Society, is also superintendent of said schools and receives $500 from each school for such superintendency but does not teach in the schools. The Catholic catechism and Bible history are taught in the schools. The Lord's prayer is recited before and after meals, and the children sing hymns to the Blessed Virgin and also patriotic songs, such as Star Spangled Banner, Sail on Thou Ship of State and My Country 'Tis of Thee. The boys in the Ketteler school cultivate about three or four acres of flowers under the supervision of a teacher, and the school realizes about $6000 or $7000 from the flowers so cut. The Angel Guardian German Catholic Orphanage Society owns about 300 acres of land in addition to the Devon avenue 30 acres on which the schools are situated, on which 300 acres are conducted three graveyards, in which Catholics and non-Catholics are buried. The net revenue derived from these graveyards is used to make up the deficiency of the Ketteler and Kasper schools. Voluntary contributions are also received to make up their deficiencies, which in 1916 amounted to about $20,000 for each school. The schools are visited and have been approved by the representatives of the State. Neither of said schools is controlled by the Catholic church and they make no report to that church or to the bishop or archbishop of Chicago. Both schools are controlled by boards of directors, who report the deficiency of the schools to the Angel Guardian German Catholic Orphanage Society, and they report regularly to the State Board of Administration of the State of Illinois every month everything taught in the institutions and their financial condition.

The evidence further shows that the schools charge for each boy received $10 per month and for each girl received $15 per month; that neither the county of Cook nor the State of Illinois has provided any manual training school for boys or any other facilities for caring for such boys as are committed to the Ketteler school; that it would re-

quire several hundred thousand dollars to provide suitable buildings and grounds to house and care for the dependent boys that are committed from time to time to institutions by the courts; that the *per capita* cost of maintaining children in the following institutions in Illinois for the year 1916 was as follows: Soldiers' Orphans' Home, per year, $238.92; State Training School for Girls, per year, $340.28; St. Charles School for Boys, per year, $356.45; Chicago Parental School, per year, $287.68; that the Ketteler school submitted a bill to the commissioners of Cook county for the month of December, 1916, in the sum of $2234.38 and the Kasper school for the sum of $2686.50; that the board allowed and ordered the bills paid, but that Henry Stuckart, county treasurer, refused to pay said bills until so ordered by a court of competent jurisdiction; that he will not honor said vouchers, or any vouchers that may be hereafter ordered paid, until ordered to do so by such a court; that Dunn notified the treasurer that if he paid said moneys for said purposes, or should pay any moneys for said purposes in the future, he, said Dunn, would hold the treasurer and his bondsmen personally liable.

The causes were docketed as separate appeals in this court and were taken as separate suits. Only one complete record has been filed, and it was filed in No. 11,659. Appellant Stuckart, county treasurer, has filed only one argument in the causes, and it was filed in No. 11,659. Appellant Trost and appellees only filed one brief each, and they were each filed in No. 11,660. The causes should have been consolidated in this court for consideration as the issues are identical, except as to the amounts involved. The causes will therefore be treated as consolidated and both of them disposed of by this opinion.

Appellant William J. Trost contends in his brief and argument, under the authority of *County of Cook v. Chicago Industrial School for Girls,* 125 Ill. 540, that each of these schools is sectarian and should be enjoined from

receiving public funds. Appellant Henry Stuckart submits the causes without any brief or authorities, and merely requests that he, as a public officer, be directed in the performance of his duties. Appellees have submitted an elaborate argument and briefs upon several points of contention.

In the case of *Dunn* v. *Chicago Industrial School,* 280 Ill. 613, this court held in a cause similar in many respects to these cases, that it is contrary to the letter and spirit of the constitution to exclude from religious exercises children of members of any denomination when the State assumes their control or to prevent such children from receiving the religious instruction which they would have received at home. It appears from the evidence in the cases now under consideration that no children of either of said schools who are non-Catholics are required to attend chapel exercises in the Catholic chapel and that no charge is made for any religious instruction given to any pupils in the said schools. It was further decided in *Dunn* v. *Chicago Industrial School, supra,* that paying $15 a month to the Chicago Industrial School for Girls, a Catholic institution, for every girl committed thereto by the juvenile court of Cook county under section 17 of the Juvenile Court act does not violate section 3 of article 8 of the constitution, prohibiting the donation of public funds to any denominational institution, where such sum is less than the actual cost for the care of such girls at State institutions. That case was followed by this court and a similar decision rendered in *Dunn* v. *Addison Manual Training School for Boys,* 281 Ill. 352, in which latter case the facts are substantially the same as in the case of the Ketteler Manual Training School for Boys now under consideration.

For the reasons set forth in the above cited cases the decrees of the circuit court must be affirmed in both the cases now under consideration, but with the understanding that the only issue therein settled is the question whether or not the payment of such claims now or hereafter is or will

be in violation of said section 3 of article 8 of the constitution. The court had no right or power to prohibit appellants from hereafter resisting the payment of other such claims upon any other legitimate grounds, and we do not understand the court to hold otherwise. So construed the decrees are affirmed.                    *Decrees affirmed.*